UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA

JULIA CARTEGENA f/k/a JULIA HARMON,
on behalf of herself and those similarly situated,   CASE NO.:

    Plaintiff,
v.

BEST PRACTICE MEDICINE, LLC, a
Montana Limited Liability Company,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JULIA CARTEGENA f/k/a JULIA HARMON ("CARTEGENA" or "Plaintiff"), on behalf of herself and other employees and former employees similarly situated, by and through undersigned counsel, files this Complaint against Defendant, BEST PRACTICE MEDICINE, LLC ("BPM" or "Defendant"), a Montana Limited Liability Company, and states as follows:

## JURISDICTION AND VENUE

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3. This Court has personal jurisdiction over Defendant, because Defendant is a Montana limited liability company, and maintains its principal place of business in Montana.

4. Venue is proper in this Court because Defendant is a Montana limited liability company, Defendant maintains its principal place of business in Montana and the wage and hour

policies at issue in this case emanated from Defendant's headquarters, located in Montana.

5. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

6. At all times material hereto, Plaintiff was and continues to be a resident and citizen of the State of New Jersey.

7. At all times material hereto, Plaintiff was employed by Defendant as a non-exempt travel paramedic.

8. At all times material hereto, BPM was and continues to be a Montana limited liability company.

9. At all times material hereto, BPM was and continues to be engaged in business in Montana, with its principal place of business located at 601 Haggerty Lane Suite A, Bozeman, MT 59715.

10. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA, and traveled interstate in the course of her duties for Defendant.

11. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of FLSA.

12. At all times material hereto, Defendant was the "employer" within the meaning of FLSA.

13. Defendant was and continues to be an "employer" within the meaning of FLSA.

14. At all times material hereto, BPM was and continues to be "an enterprise engaged in commerce," within the meaning of FLSA.

15. At all times material hereto, BPM was and continues to be an enterprise engaged in the "production of goods for commerce," within the meaning of the FLSA.

16. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

17. At all times relevant hereto, Defendant was primarily engaged in provision of travel paramedics and nurses, placing paramedics in EMS service, hospitals, and other healthcare settings.

18. At all times relevant hereto, Defendant had more than two employees.

19. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce including medical devices, bandages and medicines.

20. All times material hereto, Defendant simultaneously operated in two (2) or more states.

21. At all times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

22. At all times hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

23. The additional persons who may become plaintiffs in this action are/were "traveling paramedics" for Defendant, who held similar positions to Plaintiff, paid in a similar way as Plaintiff, and who worked in excess of forty (40) hours during one or more work weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours.

24. At all times material hereto, the work performed by the Plaintiff was directly

essential to the business performed by Defendant.

## STATEMENT OF FACTS

25. On or about April 28, 2022, Defendant hired Plaintiff to work as a "traveling paramedic."

26. At various material times hereto, Plaintiff worked for Defendant in excess of forty (40) hours within a work week.

27. From at least May 9, 2022, and continuing through November 28, 2022, Defendant failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week.

28. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA.

29. Defendant has violated Title 29 U.S.C. §207 from May 9, 2022 through November 28, 2022, in that:

    a. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendant;

    b. No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

    c. Defendant failed to maintain proper time records as mandated by the FLSA.

## COUNT I
## **VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION**

30. Plaintiff re-alleges and reavers paragraphs 1 through 29 of the Complaint, as if fully set forth herein.

31. From May 9, 2022 and continuing through November 28, 2022, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

32. Plaintiff was and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

33. At all times material hereto, Defendant failed and continues to fail to maintain proper time records as mandated by the FLSA.

34. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when it knew, or should have known, such was, and is due.

35. Defendant failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

36. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

37. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

38.　At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees at a rate less than time and a half for their overtime hours.

39.　Based upon information and belief, the employees and former employees of Defendant similarly situated to Plaintiff were not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks because Defendant failed to properly pay Plaintiff, and those similarly situated to her, proper overtime wages at time and a half their regular rate of pay for such hours.

40.　Plaintiff demands a trial by jury.

## COUNT II
## VIOLATION OF 26 U.S.C. § 7434

41.　Plaintiff re-alleges and reincorporates the allegations set forth in Paragraphs 1 through 29 as if fully set forth herein.

42.　IRS Form W-2 constitutes an information return as contemplated by 26 U.S.C. § 7434.

43.　For the tax years covering the year that Plaintiff worked for Defendant, Defendant issued one or more IRS Form W-2 and/or other information returns regarding taxable wage payments made to Plaintiff by Defendant.

44.　The information returns issued by Defendant were fraudulent in that they incorrectly reported the amount of compensation paid to Plaintiff.

45. Specifically, Defendant inflated the amount of money that it paid to Plaintiff, and its other similarly situated employees, resulting in a greater tax burden on Plaintiff and those similarly situated.

46. Upon information and belief, Defendant purposefully and willfully filed the returns in their format to, *inter alia*, lessen and evade the payroll taxes associated with Plaintiff's employment and/or to gain some other financial advantage.

47. As the reporting entity, Defendant had complete control over the information that was reported to the IRS on the subject returns.

48. Defendant willfully and intentionally issued fraudulent information returns for the express purpose of unlawfully evading its rightful tax burden and/or shifting it to Plaintiff.

49. Despite its acknowledgment that the amounts reported on the W-2's issued to Plaintiff and those similarly situated employees were incorrect, Defendant has failed to correct same.

50. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's unlawful business practices unless and until this Honorable Court grants the relief requested herein.

51. A copy of this Complaint is being filed with the Internal Revenue Service as required by the statute.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendant:

    a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b.    Awarding Plaintiff overtime compensation in the amount due to her for Plaintiff's time worked in excess of forty (40) hours per work week;

    c.    Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    d.    Awarding Plaintiff actual and statutory damages due as a result of Defendant's violation of 26 U.S.C. § 7434;

    e.    Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b) and 26 U.S.C. § 7434;

    f.    Awarding Plaintiff pre-judgment interest;

    g.    Issue of an Order, as soon as is practicable, authorizing Plaintiff to send notice of the instant lawsuit to all similarly situated "traveling paramedics" employed by Defendant within the past 3 years; and

    h.    Ordering any other further relief the Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: May 11, 2023

    Respectfully submitted,

    **/s/Tim Charles Fox**
    TIM CHARLES FOX
    **MORGAN & MORGAN, P.A.**
    20 N Orange Avenue, Suite 1600
    Orlando, FL 32801
    Telephone: (689) 219-2220
    Facsimile: (689) 219-2250
    E-mail: TFox@forthepeople.com

    ANDREW R. FRISCH
    *Pro Hac Vice Forthcoming*

**MORGAN & MORGAN, P.A.**
8151 Peters Road, Suite 4000
Plantation, Florida 33324
Telephone: (954) WORKERS
Facsimile: (954) 327-3013
E-mail: AFrisch@forthepeople.com
